UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. **ED CV 22-1871-DMG (SHK)** | Date February 9, 2023 |
| Title *Duane R. Moore, Jr. v. City of San Fernando, et al.* | Page 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On October 21, 2022, Plaintiff, who is incarcerated and proceeds *pro se*, instituted this action by filing a civil rights complaint. [Doc. # 1.] After the Court ordered Plaintiff to either pay the $402 filing fee for this action or request to proceed *in forma pauperis* ("IFP"), Plaintiff filed an IFP request. [Doc. # 5.] The Court screened Plaintiff's civil rights complaint and reviewed his IFP request, finding both filings to be inadequate. [Doc. # 6.]

On January 3, 2023, the Court entered an Order explaining why the Complaint was deficient, dismissing the Complaint with leave to amend, and denying the IFP request with leave to refile. *Id.* The Court specifically warned Plaintiff that failure to comply with the Court's order by February 3, 2023 would result in dismissal of the matter without prejudice. The Court also directed the Clerk to mail Plaintiff the appropriate IFP form and form for a civil rights complaint. *Id.* To date, Plaintiff has not complied with the Court's Order and has taken no further action to litigate this case.

Five factors apply when considering whether to dismiss an action for failure to prosecute or comply with a Court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). These factors all weigh in favor of dismissal here. First, Plaintiff's failure to comply with the Court's directions in the January 3 Order indicates that the first two factors favor dismissal because Plaintiff does not intend to or cannot litigate this action diligently or comply with the Court's instructions. Dismissal at this stage will not prejudice the defendant. It does not appear that maintaining this action will result in a disposition on the merits, in light of Plaintiff's lack of prosecution. Finally, the Court has already attempted less drastic sanctions by issuing the January 3 Order.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **ED CV 22-1871-DMG (SHK)** | Date | February 9, 2023 |
|---|---|---|---|
| Title | ***Duane R. Moore, Jr. v. City of San Fernando, et al.*** | Page | 2 of 2 |

The Court therefore **DISMISSES** this matter without prejudice for failure to prosecute and to comply with a court order.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.